ADAM BEATTY, Executor, *v.* J. L. DUFIEF, et al. .

To obtain an injunction against an order of seizure and sale, without giving surety, the petitioner for injunction must allege, under oath, some one of the grounds mentioned in Art. 739 C. P.

APPEAL from the District Court of Lafourche Interior, *Cole,* J.

    *J. C. Beatty,* for plaintiff and appellant. *Race & Foster,* for defendant.

VOORHIES, J. This is a sequel of the suit which we have just decided. The plaintiff alleges that an order of seizure and sale, sued out by the defendants against the estate of *Abner Robinson,* deceased, is informal and void, for the reasons set forth in his petition ; that he is unable to give the necessary security for an injunction, in consequence of the large amount involved in controversy ; that the sale, if made, will be illegal and void ; and that he will hold the sheriff and the defendants liable for all damages resulting therefrom. He, therefore, prays that the sheriff may be enjoined from proceeding further in the premises, and that the defendants, who reside out of the State, may be notified of his opposition, either by service on their attorney, or, if necessary, on a curator *ad hoc.* Service of this petition and citation was made to *G. W. Race,* Esq., one of the defendants' attorneys, on the 3d of March, 1854. On the 5th of May following, *G. W. Race,* Esq., was appointed by the court curator *ad hoc* to represent the defendants. Subsequently, the plaintiff filed a supplemental petition, alleging that notwithstanding his opposition, the defendants had procured, under their illegal order, the sale and adjudication of the property, for the sum of $25,000, less than its appraisement ; that it could not be legally sold for less than its appraised value for cash ; that in consequence of the illegality of the proceedings, the estate has sustained $50,000 damages, and that he is entitled to recover from the defendants either the damages or the difference between the appraised value and the price of adjudication of the property. He therefore prays that the defendants, through their curator *ad hoc,* be cited and condemned to pay him said sum.

The curator *ad hoc* excepted to the plaintiff's petition on the grounds : 1st. That the defendants were not legally in court, the petition not being an intervention and third opposition in their suit of seizure and sale, but a separate and distinct suit, in which no legal service had been made on the defendants, who are non-residents, either personally or by attachment of their property, nor could they be legally represented by a curator *ad hoc.* 2d. That the original petition contains no legal grounds of action, as it merely prays for an injunction to prevent the sheriff from proceeding further in the sale of the property, which had already been effected when said petition was served on the curator *ad hoc.* And, 3d. That the supplemental petition was filed and issued without any legal authority. The exception was sustained, and the plaintiff appealed.

We concur with the Judge *à quo* in his conclusion. The remedy given under the Code of Practice to the debtor against whom an order of seizure and sale has been rendered, is clearly and distinctly pointed out. He must file his opposition in writing in the court issuing the order, alleging some of the reasons contained in Article 739. See Art. 738. "When the judge grants an injunction, on the allegation *under oath,* of any of the reasons mentioned in that article, *he shall require no surety* from the defendant, but he shall pronounce

summarily on the merits of his opposition, if the plaintiff requires it."—740. The plaintiff's allegations are not supported by his oath; it is therefore clear that he is not entitled to this summary remedy.

Judgment affirmed with costs.